IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **vs.** | § § § § | **CASE NO. 6:21-CR-00014-JDK** |
| **MICHAEL BRUCE SMITH (1)** | § § § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On January 30, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offense of Conspiracy to Transport an Undocumented Alien within the United States, a Class C felony, Defendant Michael Bruce Smith was sentenced on May 16, 2019 by United States District Judge Diana Saldana, Southern District of Texas. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 20 and a criminal history category of II, was 37 to 46 months. The Court sentenced Defendant to imprisonment for a term of 30 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment. Defendant completed his term of imprisonment and started his term of supervised release on January 20, 2021. The case was transferred to the

Eastern District of Texas and reassigned to United States District Judge Jeremy D. Kernodle on February 26, 2021.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 29, 2023, United States Probation Officer Daisy Pridgen alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on April 21, 2023 by the Smith County Constable's Department and charged with Possession of a Controlled Substance. It is also alleged that he was arrested on April 30, 2023 by the Texas Department of Public Safety in Smith County, Texas, and charged with Possession of a Controlled Substance.

2. **Allegation 2 (mandatory condition #2):  The defendant must not unlawfully possess a controlled substance.** It is alleged that Defendant submitted positive urine specimens for methamphetamine on May 25, 2022 and June 17, 2022. It is also again alleged that Defendant was arrested on April 21, 2023 and charged with Possession of a Controlled Substance and again on April 30, 2023 and charged with Possession of a Controlled Substance.

3. **Allegation 3 (standard condition #9):  If arrested or questioned by a law enforcement officer the defendant must notify the probation officer within 72 hours.** It is alleged that Defendant failed to report to his probation officer that he was arrested on April 21, 2023 and April 30, 2023.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offense of Possession of a Controlled Substance as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 6 to 12 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing synthetic marijuana, failing to notify the probation officer of contact with law enforcement, or submitting positive urine specimens for methamphetamine as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 4 to 10 months.

*Hearing*

On January 30, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 6 months, with no further term of supervised release. Defendant and the Government agreed that Defendant served time in custody from June 1, 2023 to June 19, 2023, and October 25, 2023 to present only on the petition to revoke supervised release.[2] After the Court explained to Defendant his right to a revocation hearing, he waived his right to a

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

[2] The parties agreed that Defendant was released from custody June 19, 2023 to October 25, 2023 for medical care.

revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 6 months, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 6 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville and to apply credit for Defendant's time in custody on this petition from June 1, 2023 to June 19, 2023, and October 25, 2023 to present.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to

the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 6 months, with no further term of supervised release.

So ORDERED and SIGNED this 30th day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE